UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harold Smith,  # 83499-071; | ) | C/A No. 6:05-3426-HFF-WMC |
| | ) | |
| Petitioner; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Edward F. Reilly, Jr.; Sandra Hilton; Jeffrey S. Kostbar; | ) | |
| Charles Lyons; Alberto R. Gonzales; Harley G. Lappin; | ) | |
| Richard Holt; and John J. Lamanna; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The Petitioner, Harold Smith (hereafter, the "Petitioner"), a federal prisoner proceeding *pro se*, has filed this action seeking relief under 28 U.S.C. § 2241.  The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C.§ 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C.

A careful review has been made of this *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)

The Petitioner is a *pro se* litigant.  His pleadings are to be accorded liberal construction and are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Estelle v. Gamble*, 429 U.S.97 (1976); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978);

1

*Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal.

## BACKGROUND

Petitioner was convicted of armed bank robbery in this Court and sentenced on October 30, 1985, to a term of twenty-three years imprisonment. Petitioner was paroled for the first time on August 14, 1994, with a full term date of July 16, 2008, and 5,085 days remaining to be served on his original sentence. On April 15, 1997, however, the Parole Commission issued a parole violator warrant charging Petitioner with numerous violations of his release conditions including traffic violations and providing false information to police. Petitioner was arrested approximately two months later in the state of Georgia and charged with possession of a stolen vehicle. The Commission supplemented the parole violator warrant to include two separate charges of leaving the District without permission.

Petitioner received a parole revocation hearing on September 5, 1997. The Commission ordered Petitioner's parole revoked, with none of the time spent on parole (so-called "street time") credited to the remaining sentence under 28 C.F.R. § 2.52(c)(2), and with re-parole on January 7, 1998.

Petitioner was released on parole for the second time on January 7, 1998, with a full term date of April 12, 2011, and 4,843 days remaining on the sentence. On August 12, 1998, however, the Commission issued a second parole violator warrant charging Petitioner with new criminal conduct and failure to report his arrest. The warrant remained outstanding for two months as Petitioner could not be located, but he was eventually arrested on October 19, 1998.

Petitioner received his second parole revocation hearing on April 2, 1999. The Commission ordered Petitioner's parole revoked, with no "street time" credited under 28 C.F.R. § 2.52(c)(2), and with re-parole on October 19, 1999, after service of twelve months. Petitioner appealed the decision to the National Appeals Board which denied relief.

Petitioner was paroled for the third time on October 19, 1999, to remain under parole supervision until January 21, 2012. On July 27, 2000, the Commission issued its third parole violator warrant. Four violations were charged: (1) a strong arm robbery; (2) attempted arson of his grandmother's house; (3) failing to report change of address; and (4) providing false information to police and his probation officer on several occasions. Petitioner's Exhibits J, K and L contain information about these matters. Exhibit L includes the arresting officer reports following the attempted arson. Petitioner violently resisted arrest and continued to kick the windows of the police car after being placed in handcuffs and a hobble. When taken to an emergency room, he was treated but also tested for drugs and showed "positive" for cocaine.

A third parole revocation hearing was conducted on October 26, 2001. Petitioner was represented by retained counsel. Parole was revoked and no credit was granted for "street time." Although Petitioner was to remain in custody until the expiration of his sentence, the Commission advised that he would be scheduled for a statutory interim hearing in October 2003. Petitioner's attorney appealed. The decision was affirmed by the National Appeals Board on February 12, 2002.

Petitioner has brought two previous § 2241 petitions regarding his parole. In Smith v. U.S. Parole Commission, 6:99-0301-GRA-WMC (D.S.C. 1999) (hereafter, *Smith*

3

*One*), he claimed that he was being denied a timely hearing, and thus due process, in his second parole revocation.  The petition was dismissed with a directive to the Commission to conduct a timely hearing.   In June 2000, Petitioner filed Smith v. U.S. Parole Commission, 6:00-2014-GRA-WMC (D.S.C. 2000)(hereafter, *Smith Two*), on the eve of his third arrest as a  parole violator.  *Smith Two* challenged the failure of the Commission to reduce his sentence using his good time credit.  *Smith Two*, like *Smith One*, was dismissed.  Under Culp v. Keohane, 822 F.2d 641 (6th Cir. 1987), good time credits earned before release are subject to forfeiture when the release has been revoked for violation of parole conditions.  Petitioner did not appeal from either dismissal

This Court may take judicial notice of court records in such prior civil actions. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th  Cir. 1989); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). Judicial notice is especially appropriate when the issues in a prior action are identical to those pending before a court.

## DISCUSSION

The present § 2241 petition challenges: (1) the third parole revocation; (2) a recent denial of parole; and (3) the Commission's forfeiture of "street time" in all three parole revocations, a total of 1,613 days.

This Court should not entertain Petitioner's substantive challenge to his third parole revocation.  In establishing the United States Parole Commission, Congress expressly placed its determinations beyond district court review in all but the most extraordinary circumstances.  Under 18 U.S.C. § 4203(b), the U.S. Parole Commission

4

may grant, deny or revoke parole for federal prisoners convicted before November 1, 1987. Under 18 U.S.C. § 4218(d) such decisions by the Commission are "committed to agency discretion" under the Administrative Procedure Act (APA) and are basically beyond judicial review, so long as the Commission remains within its statutory authority.  See Edmundson v. Turner, 954 F. 2d 510 (8th Cir. 1992).

Petitioner loosely characterizes the third parole revocation as "arbitrary and capricious," but he does not allege any facts to support his claim.  It is clear from his own exhibits that Petitioner was represented by counsel throughout the process, including an unsuccessful quest for review by the National Appeals Board.  Clearly Petitioner disagrees with the substantive conclusion of the Commission, but this Court's review is limited to procedural due process.  There can be no question that Petitioner's rights were protected in the third revocation proceedings.

It is also noteworthy that Petitioner actually made a substantive attack upon the pending third revocation in *Smith Two*.  On January 29, 2001, the undersigned filed a Report in *Smith Two* recommending dismissal.  Petitioner filed objections to that Report. He argued that the impending, third parole revocation would be improper because his state criminal charges had not yet become convictions.

The Honorable G. Ross Anderson, United States District Judge for the District of South Carolina, reviewed both the Report and objections.  Judge Anderson observed that a parole revocation could be justified with or without actual convictions.  The revocation papers that had been submitted to the Commission revealed multiple violations by Petitioner of his release conditions in addition to the actual criminal charges.  Judge Anderson concluded: "Clearly, Petitioner's actions, even excluding the charges for which

Petition has not yet been tried, violate the conditions of release included on the parole certificate that Petitioner signed.  Petitioner's cocaine use alone constitutes grounds for the revocation of his parole.  Consequently, this Court finds that Petitioner's claim has no merit."  Petitioner chose not to appeal Judge Anderson's finding.

In its "Notice of Action on Appeal," issued February 12, 2002, the National Appeals Board noted that Petitioner was not denied due process in his third parole revocation but instead choose not to make full use of procedural opportunities:

> Your refusal to offer any defense on criminal charges that had resulted in dismissal (or even to cross-examine a police officer who testified on the domestic violence/assault charge) was not justified, because the Commission has clear and well-established authority to consider the evidence underlying criminal charges whether dismissed or not.  With regard to the attempted arson charge, the Commission had solid grounds to believe that your mother's testimony was not the truth, and that the reports and observations of the day in question were reliable as to what actually occurred.  On the three administrative charges you admitted, you offered no comment or mitigating circumstances for the Commission to consider.  On the administrative charge you contested (failure to report change in residence) your defense was vigorous but unconvincing.  Accordingly, you have no justifiable claim that you were denied due process of law.

Petitioner's specious argument has already been rejected by this Court.  The ultimate decision by the National Appeals Board was essentially anticipated by Judge Anderson in his dismissal of *Smith Two*.  Petitioner cannot renew his attack on the third parole revocation in this action.

The National Appeals Board decision in February, 2002, concluded with the following observation:

> As to the merits of the Commission's decision, this was your third parole revocation on this sentence.  Your violation behavior shows that you are a dangerously unstable offender who is a threat to the community.  Your attitude toward your U.S. Probation officer was

negative, so there appears little reason to anticipate that a future grant of parole would be more successful that the paroles which you were previously granted. Hence, another grant of parole does not appear warranted.

In April, 2005, nevertheless, Petitioner commenced a new application for parole. This time he was denied release. Petitioner has filed Exhibit C, a letter from the National Appeals Board dated October 17, 2005, affirming the denial. The letter specifically notes that Petitioner elected not to participate in the routine interim hearing in October 2003. Moreover, the Board observed that Petitioner even failed to arrange for a representative, to apply for a continuance or even to appear for the hearing on his latest application. There is no reason for this Court to inquire further into Petitioner's most recent parole denial which he appears to have abandoned for reasons unknown.

Finally, in this action, Petitioner cannot obtain relief from the first or second forfeitures of his "street time." These forfeitures had already occurred by the time he filed *Smith Two*. The Reports filed in both *Smith One* and *Smith Two* noted that Petitioner's "street time" had been forfeited. He failed in either action to contest the forfeitures. The *Smith Two* petition relied instead upon the issue of pre-release good time credits. In this action, petitioner is collaterally estopped from challenging the first two forfeitures. Claim preclusion, as collateral estoppel, bars the assertion of any claim that was actually adjudicated or that might have been presented in a prior case. *Varna Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough*, 81 F. 3d 1310 (4th Cir. 1996).

With respect to the third forfeiture of "street time," Petitioner has filed Exhibit "N" which reveals that he contested the forfeiture using the Federal Bureau of Prisons (FBOP) "Administrative Remedy" procedure under Program Statement (PS) 1330.13.

Such procedure is proper with regard to certain sentence credits and computations. *See* 18 U.S.C. § 3585 and § 3624(b).  The authority to grant credit for "street time" is, however, specifically vested in the Commission under 28 C.F.R. § 2.52, as Petitioner is well aware. Clearly Petitioner has not sought relief through the Commission.  He must pursue and exhaust the proper administrative remedies before bringing the matter to this Court.

### RECOMMENDATION

It is recommended that this action be dismissed without prejudice and without requiring the respondents to file an answer. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  The Petitioner's attention is directed to the Notice on the following page.


s/William M. Catoe
United States Magistrate Judge

December 16, 2005
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court).  In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \*  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \* \* \*  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**